UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORDELROE MCMUTUARY,

                Petitioner,                Case No. 2:13-cv-365

v.                                                  Honorable R. Allan Edgar

THOMAS MACKIE,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner Cordelroe A. McMutuary filed this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his September 1, 2009, conviction for four counts each of armed robbery, unlawful imprisonment, torture, indentity theft, as well as one count each of unlawful driving away of an automobile, first degree home invasion, and felony firearm. Petitioner was sentenced to imprisonment for 22 to 42 years. Petitioner did not file a direct appeal in the Michigan Court of Appeals.

On September 1, 2009, Petitioner filed a motion for relief from judgment in the state court. Petitioner filed an appeal of the denial of the motion for relief from judgment in the Michigan Court of Appeals on November 2, 2012, which was denied on December 12, 2012. On January 3, 2013, Petitioner filed an appeal in the Michigan Supreme Court, which was denied on June 25, 2013. Petitioner filed the instant habeas corpus application on December 11, 2013.

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph eight of Petitioner's application, Petitioner did not file a direct appeal of his conviction to the Michigan Court of Appeals. Therefore, Petitioner's conviction became final on September 1, 2010. *See* MCR 7.205(F)(3) (generally prohibiting late appeals more than 12 months after entry of an order or judgment on the merits).

Petitioner had one year from September 1, 2010, to file his habeas application or to take some other action to toll the running of the statute of limitations. Petitioner took no further action until he filed his motion for relief from judgment in August of 2012. Although 28 U.S.C. §

2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2010, his collateral motion filed in 2012, does not serve to revive the limitations period. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner baldly claims that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has

wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: January 14, 2014

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).